

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-15-2006

# USA v. Falls

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3137

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"USA v. Falls" (2006). *2006 Decisions*. Paper 452.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/452

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-3137

———

UNITED STATES OF AMERICA

v.

DENNIS FALLS,
Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-cr-00602-1)
District Judge:  Hon. Legrome D. Davis

———

Submitted Under Third Circuit LAR 34.1(a)
September 14, 2006

Before: SLOVITER, WEIS and GARTH, Circuit Judges

(Filed: September 15, 2006)

———

OPINION

SLOVITER, Circuit Judge.

Appellant Dennis Falls pled guilty to two counts of armed bank robbery in violation of 18 U.S.C. § 2113(d) and one count of Hobbs Act robbery in violation of 18 U.S.C. § 1951(a). The District Court sentenced Falls to 150 months' imprisonment.[1] Falls timely appealed the sentence, arguing that his Fifth and Sixth Amendment rights were violated when the District Court found, by a preponderance of the evidence, that Falls had two prior convictions. Falls contends that his sentence violated his Sixth Amendment right to a jury trial and his Fifth Amendment right to be subject to a maximum punishment based solely on facts charged in an indictment.

## I.

Because we write for the parties, we only briefly review the facts. At his change in plea hearing, Falls admitted the essential elements of the crimes charged, and the Government outlined the case against him. There was no plea agreement. On September 3, 2004, Falls entered a bank, told the teller he was holding up the bank and indicated that he had a weapon in his pocket. The teller complied, and Falls left the bank with approximately $2,220.00. On September 10, 2004, Falls entered a different bank and, during the course of the robbery, vaulted the teller counter, took approximately $6,755.00 and fled, after dropping a knife in front of the teller counter. After a witness came

---

[1] The District Court also imposed a five-year term of supervised release, $8,975.00 in restitution, and a $300 special assessment. Falls contests only an enhancement of his prison sentence.

2

forward identifying Falls, he was placed under surveillance. While under surveillance, Falls attempted to rob a vitamin store, where he "brandished a hunting knife," and threatened to kill one of the employees if she failed to comply. Falls was arrested shortly thereafter. Falls agreed to enter a guilty plea for all three robberies.

A revised pre-sentence investigation report ("PSR"), issued on March 29, 2005, stated that Falls had two prior adult felony convictions involving robberies. The PSR determined that Falls was a career offender, with an offense level of 31[2] and a criminal history category of VI[3], resulting in a Sentencing Guideline range of 188 to 235 months of imprisonment. Had the career offender provision not been applied, the Guidelines range would have been 70 to 87 months, based on an offense level of 25 and a criminal history category of III.

Prior to sentencing, in response to Falls' motion for downward departure, the Government attached certified copies of Falls' two prior robbery convictions. At sentencing, Falls argued that the District Court should not use evidence of these prior convictions to find that Falls was a career offender, unless the Government proved them to a jury beyond a reasonable doubt. Falls conceded that in Almendarez-Torres v. United States, 523 U.S. 224 (1998), the Supreme Court held otherwise, but he raised the

_____

[2] An offense level of 34 pursuant to U.S.S.G. § 4B1.1, reduced by three levels, for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.

[3] Pursuant to U.S.S.G. § 4B1.1

3

objection to preserve it on appeal, should <u>Almendarez-Torres</u> be overruled.

The District Court rejected Falls' argument, holding that, under current law, a judge can make a finding as to evidence of prior convictions, and that the Government had provided sufficient proof. The District Court balanced the considerations in 18 U.S.C. § 3553(a) and found that in light of the risk to the community from serious offenses by a career offender, a sentence of 150 months was fair, considering Falls' age and poor health.

## II.

Falls argues that the District Court violated his Fifth and Sixth Amendment rights when it substantially increased the upper limit of the applicable imprisonment range under the Sentencing Guidelines by finding, by a preponderance of the evidence, that Falls had two prior convictions. Falls again concedes that <u>Almendarez-Torres</u> controls the issue, but he contends that the holding of <u>Almendarez-Torres</u> has been questioned by the Supreme Court in <u>Shepard v. United States</u>, 544 U.S. 13 (2005). Thus, he argues that his sentence should be vacated and the case remanded for re-sentencing. The Government responds that Falls' argument is barred by <u>Almendarez-Torres</u>.

## III.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction over Falls' appeal under 28 U.S.C. § 1291 and 18 U.S.C. § 3742. Because the issues raised on appeal are questions of law, we exercise plenary review. <u>See, e.g.</u>, <u>United States v. Coleman</u>, 451 F.3d 154, 156 (3d Cir. 2006).

4

**IV.**

As both parties agree, we must affirm Falls' sentence under <u>Almendarez-Torres</u>. We recently addressed a similar issue, where a defendant challenged use of prior convictions under the Sixth Amendment, and we reiterated that <u>Almendarez-Torres</u> was controlling.  See <u>Coleman,</u> 451 F.3d at 159.  In <u>Coleman</u>, we noted that <u>Almendarez-Torres</u> held that "prior convictions that increase the statutory maximum for an offense are not elements of the offense and thus may be determined by the District Court by a preponderance of the evidence."  <u>Coleman</u>, 451 F.3d at 159 (citing <u>Almendarez-Torres</u>, 523 U.S. at 243).  We considered the impact of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>United States v. Booker</u>, 543 U.S. 220 (2005), and <u>Shepard</u>, 544 U.S. 13, on <u>Almendarez-Torres</u>, and concluded that <u>Almendarez-Torres</u> continued to be valid. <u>Coleman</u>, 451 F.3d at 159-161.  Indeed, as both parties agree, this Court previously held that "the holding in <u>Almendarez-Torres</u> remains binding law," despite "tension" with the holdings of <u>Blakley v. Washington</u>, 542 U.S. 296 (2004), and <u>Booker</u>.  <u>United States v. Ordaz</u>, 398 F.3d at 236, 241 (3d Cir. 2005).  As we stated in <u>Ordaz</u>, the Supreme Court retains the prerogative of overruling its own decisions.  <u>Id.</u>

**V.**

We are bound both by Supreme Court and this circuit's precedent.  Unless the Supreme Court decides to overrule <u>Almendarez-Torres</u>, Falls' argument must fail.  For the reasons stated, we conclude that Falls' sentence was properly enhanced where the judge found the prior convictions by a preponderance of the evidence.  We hold that the

5

District Court did not err and we affirm the judgment of conviction and sentence.